LEEMOR REALTY CORPORATION et al., Respondents, *v.* NATHANIEL TONKIN et al., Appellants, and CARLTON-SUMMERFIELD ESTATES, INC., Respondent.

*Equity — joint venture — agreement to share profits — action to restrain collection of or to vacate and set aside judgment or to have it adjudicated that part of judgment belonged to plaintiffs.*

*Leemor Realty Corp.* v. *Tonkin,* 210 App. Div. 857, modified.

(Argued October 28, 1925; decided November 24, 1925.)

APPEAL from a judgment, entered July 18, 1924, upon an order of the Appellate Division of the Supreme Court

in the second judicial department, reversing a judgment in favor of defendants, appellants, entered upon a decision of the court on trial at Special Term and directing judgment in favor of plaintiffs and defendant, respondent, upon new findings.

*Oswald N. Jacoby* for appellants.

*William Godnick* and *Irving C. Maltz* for plaintiffs, respondents.

*Saul Gordon* and *Hyman Dominitz* for defendant, respondent.

*Per Curiam.* In October, 1919, the Carlton-Summerfield Estates, Inc., had a leasehold interest in a tract of land on Long Island, which it was desirous of selling for $140,000. The appellant Nathaniel Tonkin undertook to bring about the sale and if he succeeded in doing so the Carlton-Summerfield Estates agreed to pay him a commission of $6,950. Subsequently, Tonkin entered into an agreement with the respondent Sklar and the Leemor Realty Corporation by which the three were to purchase the property at the price named. When they came to close the title, Sklar and the Leemor Realty Corporation ascertained that Tonkin was to receive the commission above stated, and they thereupon insisted that such commission belonged to the co-adventurers in the proportion to which they had agreed to divide the profits, viz., one-half to Sklar, one-fourth to the Leemor Realty Corporation, and one-fourth to Tonkin. Tonkin finally agreed that such disposition should be made of the commission, and thereupon signed the following paper:

" This is to certify that I, the undersigned, have waived my right to the commission for the sale of the bungalows at Carlton & Summerfield Avenues, at Arverne, and I have agreed that the same be applied towards the reduction of the price for the said property.

" Dated, *February 5th*, 1920.

" Witness, L. L. Levine.　　　　N. TONKIN."

And the commission, according to the findings unanimously affirmed by the Appellate Division, was thus paid.

An action was subsequently brought by Tonkin against Sklar, to recover such commission or some part thereof. At the trial the complaint was dismissed, the trial court finding that Tonkin had been paid all of the commissions to which he was entitled. Judgment was entered to this effect and the same, on appeal to the Appellate Division, second department, was unanimously affirmed.

Tonkin later brought an action in the first department against the Carlton-Summerfield Estates, Inc., to recover the commission which it had agreed to pay for the sale of the property, viz., $6,950. Strange as it may seem in view of the judgment in the action which he brought against Sklar, he obtained a verdict for $4,450. From the judgment entered thereon, an appeal was taken to the Appellate Division, first department, where such judgment was unanimously affirmed.

Then the present action was commenced for the purpose of restraining the collection of, or of vacating and setting aside the judgment against the Carlton-Summerfield Estates, Inc., or of having it adjudicated that the judgment in equity belonged one-fourth to the Leemor Realty Corporation, one-fourth to Tonkin, and one-half to Sklar. In order to prevent the plaintiffs from restraining the collection of the judgment, Tonkin assigned the same to his wife, Lillian Tonkin. The trial court found that this was done without any consideration whatever and was void.

In view of the fact that the Leemor Realty Corporation and Sklar each assert that they have received all the commissions to which they are entitled as members of the syndicate or joint venture, we are of the opinion that, to that extent, the collection of the judgment should be restrained and the judgment vacated. This leaves one-fourth of the judgment to be collected by Tonkin or his wife, and that is all to which they are entitled.

The judgment, upon every principle of honesty and fair dealing under the agreement by which the Leemor Realty Corporation, Sklar and Tonkin purchased the leasehold interest of the Carlton-Summerfield Estates, belongs to them in the proportion in which they had agreed to share the profits. Profits were made and they have been divided and paid over in the way in which it was agreed they should be. This works out justice between the parties and prevents what would otherwise be, at least so far as the Leemor Realty Corporation and Sklar are concerned, an injustice.

Tonkin recovered in his action at law the judgment against the Carlton-Summerfield Estates. That judgment, however, according to the findings, belonged to the syndicate. We think a court of equity may well exercise its equitable powers to prevent the Leemor Realty Corporation and Sklar from acquiring any interest therein, since they repudiate and insist that the commissions have been fully paid. So far as the interest of Tonkin or his assignee in the judgment (viz., one-fourth) is concerned, we do not think a proper case has been made upon the record to justify interference by a court of equity. For that reason we think that the proper disposition to be made of this appeal is the one above indicated.

The judgment appealed from, therefore, should be modified in accordance with opinion and, as so modified, affirmed, without costs.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment modified. etc.